| | |
|---|---|
| JON HUMES, | No. 2:18-cv-0428-EFB P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY, | |
| Defendant. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff is confined to the Sacramento County Mail Jail. He proceeds without counsel in this civil an action brought under 42 U.S.C. § 1983. He has filed an application for leave to proceed in forma pauperis and a motion requesting that the U.S. Marshal serve the complaint (ECF Nos. 4, 5 & 6).

Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

/////

/////

1

## Screening

### I. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004)).

/////

| | |
|---|---|
| 1 | "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to |
| 2 | relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Bell Atl. |
| 3 | Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content |
| 4 | that allows the court to draw the reasonable inference that the defendant is liable for the |
| 5 | misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint |
| 6 | under this standard, the court must accept as true the allegations of the complaint in question, |
| 7 | *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading |
| 8 | in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v.* |
| 9 | *McKeithen*, 395 U.S. 411, 421 (1969). |

II. <u>Analysis</u>

Plaintiff brings this lawsuit against Sacramento County alleging that he was denied due process when he was sentenced for a felony rather than a misdemeanor. ECF No. 1. Plaintiff states:

> I pled NLC to a misdemeanor 261.5 (sex with a minor), in Sacramento Superior Court. Then Judge Gary Ransom told me he was gonna get me good, when he took me in his chamber! Then a strange judge at sentencing said, "I'm sentencing you for a felony 261.5!" I balked and my fat stupid public defender assured me that his words did not matter! Alls [sic] that mattered was the minute order, which said "misdemeanor! See?" It did. But it got entered in DOJ as a felony, and all the county computers too. They totally took advantage of me! A few yrs later, I awoke the lazy slob black lady that was sleeping in the teller window at the Sacramento Superior Court office, so I could again complain about the lies in the computers. "Look at the minute order!" I told her. But she was so mad about being woke up [sic], she just kept yelling at me! So I called them to complain. That same lazy black lady told me she's the new office manager, and she went thru the whole court file and switched all the paperwork over to felony! Court surveillance video will prove it tho! Plus I know where they forgot to switch out the misd. minute order! It is Sacramento Superior Court's policy to deprive people of their 14th Amendment Right to Due Process!

ECF No. 1 at 3. Plaintiff further states, "OMG! I been sent to prison, forced to plead to child molest [sic], had my kids stripped away and adopted out, lost every court process I been in [sic] for the last 20 yrs! All over a lie! To give me the rest of what I got coming! <u>Over a lie!</u>" *Id.*

Plaintiff's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* holds that if success in a § 1983 action would implicitly question the validity of confinement or its duration, the plaintiff must first show that the underlying conviction was reversed on direct appeal,

3

expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. *Muhammad v. Close*, 540 U.S. 749, 751 (2004). Because success in this action would render plaintiff's felony conviction invalid, plaintiff must show that he has obtained an order reversing or expunging that conviction. The complaint is devoid of any allegations that plaintiff has obtained such an order.

Further, because plaintiff seeks an order that would expunge that conviction, his claim must be brought in a habeas action. *Nettles v. Grounds*, 830 F.3d 922, 928-29 (9th Cir. 2016) (claims which would necessarily imply the invalidity of a sentence or conviction must be brought via petition for writ of habeas corpus; claims which would not necessarily affect the length of time to be served if successful fall outside core of habeas corpus and must be brought, if at all, under § 1983).

Based on the foregoing, the court will dismiss plaintiff's complaint. The court will give plaintiff an opportunity to file an amended complaint to attempt to state facts that would allow the claim to proceed.

## Leave to Amend

Plaintiff may choose to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 5, 6) is GRANTED;

2. Plaintiff's "motion for service" (ECF No. 4) is denied without prejudice;

3. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Sacramento County Sheriff filed concurrently herewith;

4. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order; and

5. Failure to comply with this order may result in dismissal of this action.

DATED: February 13, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5