UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JON HUMES,

    Plaintiff,

v.

SACRAMENTO COUNTY,

    Defendant.

No. 2:18-cv-428-EFB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff, a county jail inmate when he filed this action, is now a state prisoner proceeding without counsel and *in forma pauperis* in an action brought under 42 U.S.C. § 1983. On February 14, 2019, the court screened plaintiff's complaint, found it deficient, and dismissed it with leave to amend. ECF No. 9. He has since filed a motion for discovery (ECF No. 12) and an amended complaint (ECF No. 13). The court now screens the amended complaint.

## Screening

### I. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The screening obligation applies where a complaint is removed from state court. *See, e.g.*, *Morris v. Horel*, 2008 U.S. Dist. LEXIS 56938, 2008 WL 686874, *1 (N.D. Cal., March 12, 2008) (screening civil rights action removed from state court pursuant to Section 1915A). The court

must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question,

*Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

II. <u>Analysis</u>

Like his original complaint, plaintiff asserts that, despite pleading *nolo contendere* to only a misdemeanor, he was sentenced by a California state court to a felony. ECF No. 13 at 3. Yet he characterizes his claim as proceeding under Title II of the Americans with Disabilities Act ("ADA") because "they" – ostensibly the State of California and its attorney general, Xavier Becerra – "figured [he] was to (sic) disabled to do anything about it." *Id.* Plaintiff goes on to argue that this case is not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) (as the court found in its previous order), because his suit "has nothing to do with confinement, or the length of confinement." *Id.* at 4. In terms of relief, he seeks damages of 500 million dollars. *Id.* at 5.

This claim, despite plaintiff's contentions to the contrary, is *Heck*-barred. Success on his claim will necessarily imply that his felony conviction (and sentence stemming therefrom) is invalid. It is of no consequence, as plaintiff seems to believe, that he is not challenging his confinement or length of confinement. *Heck* explicitly holds that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . . *A claim for damages* bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted) (emphasis added). Nor does it matter – as plaintiff seems to imply - that he has missed his temporal window to challenge his felony conviction by way of a habeas petition. *See Cunningham v. Gates*, 312 F.3d 1148, 1153 n.3 (9th Cir. 2002).

And the court would dismiss this claim even if it were not *Heck*-barred. Plaintiff brings this claim under the ADA, but that act "neither addresses the imposition of criminal penalties, nor does it suggest that mentally disabled Americans should be treated differently from other

3

Americans who commit crimes." *Bell v. Cockrell*, 310 F.3d 330, 334 (5th Cir. 2002). Additionally, sovereign immunity bars plaintiff's claims for damages against the State of California and Attorney General Xavier Becerra in his official capacity.[1] *See Braunstein v. Ariz. DOT*, 683 F.3d 1177, 1188 (9th Cir. 2012) ("[S]overeign immunity precludes §§ 1981 and 1983 damages claims against state entities and state actors in their official capacity.").

For all of the foregoing reasons, plaintiff has failed to state a cognizable claim.

## Leave to Amend

The court has already afforded plaintiff one chance to file an amended complaint and, having done so, he is no closer to stating a cognizable claim. Consequently, it declines to offer him further opportunity to amend. *See McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 809-10 (9th Cir. 1988) ("Repeated failure to cure deficiencies by amendments previously allowed is another valid reason for a district court to deny a party leave to amend.").

## Conclusion

Accordingly, it is ORDERED that the Clerk shall randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that plaintiff's first amended complaint be DISMISSED without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

/////

---

[1] Plaintiff provides no indication as to whether is suing Becerra in his personal or official capacity. Nevertheless, in his amended complaint he states that "[it is] the CA court's policy to deprive people of thier (sic) right to due process." ECF No. 13 at 3. Plaintiff offers no allegation that Becerra personally wronged him in any way or, indeed, had any personal involvement whatsoever in the acts he complains of. Thus, to the extent he is suing Becerra in his personal capacity, his claims against this defendant automatically fail.

4

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 30, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE