UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUMES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO COUNTY,<br><br>　　　　Defendant. | No. 2:18-cv-428-KJM-EFB P<br><br><br>ORDER |

Plaintiff, a county jail inmate when he filed this action, and now a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 30, 2019, the Magistrate Judge filed findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has filed objections to the findings and recommendations. As the Magistrate Judge notes, plaintiff provides no indication in his amended complaint whether he is suing Becerra in his personal or official capacity, stating only that "[it is] the CA court's policy to deprive people of thier [sic] right to due process." ECF No. 13 at 3. And the Magistrate Judge correctly observes, "Plaintiff offers no allegation that Becerra personally wronged him in any way or, indeed, had any personal involvement whatsoever

in the acts he complains of." ECF No. 17 at 4 n.4. In his objections, plaintiff clarifies that he withdraws any claim based on personal capacity. ECF No. 18 at 1.

Moreover, concurrently with his objections plaintiff filed a proposed second amended complaint. ECF No. 19 (mistakenly titled and docketed as "first" amended complaint). This proposed amended complaint fails to cure the deficiencies identified in the magistrate judge's July 30, 2019 findings and recommendations; its filing does not undermine the conclusion that the operative amended complaint should be dismissed without leave to amend.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by proper analysis.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 30, 2019, are adopted in full;

2. Plaintiff's first amended complaint is DISMISSED without leave to amend for failure to state a cognizable claim; and

3. The Clerk is directed to close the case.

DATED: September 30, 2019.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Although the Magistrate Judge relies on *Bell v. Cockrell*, 310 F.3d 330, 334 (5th Cir. 2002) for the proposition the ADA "neither addresses the imposition of criminal penalties, nor . . . suggest[s] that mentally disabled Americans should be treated differently from other Americans who commit crimes," the court is not so certain ADA claims regarding disability accommodation related to imposition of criminal penalties are entirely foreclosed, at least in the Ninth Circuit. *See, e.g.*, *Kral v. King Cty.*, No. C10-1360-MAT, 2012 WL 726901, at *15 (W.D. Wash. Mar. 6, 2012) (denying defendant's motion for summary judgment where plaintiff alleged ADA violation for failure to provide certain accommodations that would trigger eligibility for electronic home monitoring as a component of his criminal sentence). Nonetheless, even if plaintiff prevailed on his ADA claim, doing so would render his underlying conviction invalid; thus, *Heck* would still apply and bar the claim.